UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
DERRICK WILLIAMS,                         :
                      Petitioner,         :    08 Civ. 10044 (DLC)
                                          :
            -v-                           :
                                          :    OPINION & ORDER
WILLIAM BROWN,                            :
                      Respondent.         :
                                          :
------------------------------------------ X

APPEARANCES:

For Pro Se Petitioner:
Derrick Williams
No. 98-A-6185
Eastern New York Correctional Facility
P.O. Box 338
Napanoch, NY 12458

For Respondent:
Nancy D. Killian
Bronx District Attorney
198 East 161st Street
Bronx, NY 10451

DENISE COTE, District Judge:

On July 11, 2008, pro se petitioner Derrick Williams

("Williams") filed a petition for a writ of habeas corpus under

28 U.S.C. § 2254.  In his petition, Williams contests the

lawfulness of the "persistent violent felony offender" sentence

enhancement he received following his conviction for second-

degree robbery in 1998.  On February 23, 2009, the petition was

referred to the Honorable Michael H. Dolinger, United States

Magistrate Judge, for a Report and Recommendation ("Report")

pursuant to 28 U.S.C. § 636(b)(1)(B).  The Report, issued on January 25, 2010, concludes that Williams has not made a sufficient showing of circumstances that would merit tolling the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) ("AEDPA").  Consequently, the Report recommends that his petition be dismissed as untimely.  That recommendation is accepted and the petition is denied.

BACKGROUND

The facts outlined below are described in greater detail in the Report, which is incorporated here by reference.  Williams was convicted in March 1998 of robbery in the second degree following a jury trial in New York Supreme Court, Bronx County. At sentencing, on October 1, 1998, the prosecutor sought a sentencing enhancement pursuant to New York Penal Law ("NYPL") § 70.08 on the basis that Williams was a persistent violent felony offender.[1]  The prosecutor offered evidence of two prior violent felony offenses by Williams: a 1981 conviction for robbery in the first degree (NYPL § 160.15) and a 1987 conviction

_____

[1] NYPL § 70.08 provides that a person classified as a "persistent violent felony offender" must receive a mandatory sentencing enhancement.  A "persistent violent felony offender" is defined as "a person who stands convicted of a violent felony offense as defined in [NYPL § 70.02(1)] . . . after having previously been subjected to two or more predicate violent felony convictions as defined in [NYPL § 70.04(1)(b)]."  Id. § 70.08(1)(a).

for criminal possession of a weapon in the third degree (NYPL § 265.02).  The sentencing judge, Hon. Barbara F. Newman, found that Williams was a persistent violent felony offender as defined in NYPL § 70.08 and sentenced him to an indeterminate term of imprisonment of eighteen years to life.

Extensive post-conviction proceedings followed.  Williams then filed this § 2254 petition in federal court on or about July 11, 2008.

In the petition, Williams does not contend that he was innocent of the underlying offense for which he was convicted and sentenced in 1998.  Rather, Williams challenges his October 1, 1998 sentence as illegal on the basis that he was "actually innocent" of being a persistent violent felony offender because his second predicate conviction in 1987 under NYPL § 265.02 for criminal possession of a weapon in the third degree "[was] not for a violent felony offense."[2]  In particular, Williams alleges that the 1998 sentencing court made an erroneous finding of fact regarding which subdivision of NYPL § 265.02 supported his 1987 conviction, and therefore, incorrectly categorized his prior felony offenses under New York sentencing law.[3]  Williams

---

[2] Williams does not dispute that his 1981 conviction for first-degree robbery constitutes a "violent felony offense" for the purposes of sentence enhancement under NYPL § 70.08.

[3] According to the indictment of May 23, 1986 that led to Williams's 1987 conviction, Williams was charged with knowingly

maintains that the 1987 conviction was based on the first subdivision of § 265.02, which is not categorized as a "violent felony offense," as opposed to the fourth subdivision of § 265.02, which is.[4]  In support of his claim, Williams proffers a Certificate of Disposition dated September 8, 2006 from the Bronx County Clerk (the "2006 Certificate") stating that the 1987 conviction was for a violation of NYPL § 265.02(1); a "commitment order" signed by the Associate Court Clerk indicating that he was sentenced "as a second felony offender"; and a letter from the Chief of the Records Management Bureau of the New York Division of Criminal Justice Services stating that his "arrest of May 19, 1986 is considered a non-violent felony conviction."  Williams expressly concedes that his habeas petition was filed more than

_____

possessing a loaded .38 caliber revolver in a place other than his home or business.  The court accepted Williams' guilty plea on March 11, 1987, and sentenced him on April 10, 1987.

[4] NYPL § 265.02 then provided, in pertinent part:

> A person is guilty of criminal possession of a weapon in the third degree when:
>
> > (1) He commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01 [i.e., if he possesses any firearm], and has been previously convicted of any crime; or
> > . . .
> > (4) He possesses any loaded firearm.  Such possession shall not, except as provided in subdivision one, constitute a violation of this section if such possession takes place in such person's home or place of business.

one year after the date that his conviction became final, but
argues that an "actual innocence" exception should be applied in
order to circumvent the application of the one-year statute of
limitations.

On November 19, 2008, the Honorable Harold Baer, United
States District Judge, issued an Order directing petitioner to
show cause by affirmation within 60 days why his petition should
not be dismissed as untimely under AEDPA.  On January 22, 2009,
petitioner responded by acknowledging the late filing of his
petition and stating that "[t]here are no facts that would
support equitable tolling of the AEDPA," but suggesting that
"[p]etitioner can only rely upon the rule in this circuit that a
prisoner serving a noncapital sentence may avail himself to the
doctrine of actual innocence as an aegis against an unlawful
sentence."  On January 30, 2009, the case was reassigned to this
Court, and on February 23, 2009, the respondent was directed to
answer the petition.  In lieu of answering, however, the
respondent filed a motion to dismiss on April 21, 2009, arguing
that the petition was untimely under 28 U.S.C. § 2244(d)(1) and
that no equitable tolling or "actual innocence" exception
applied.[5]  Williams opposed the respondent's motion on June 10,
2009, and no reply was filed by the respondent.

_____

[5] In his motion, respondent calculated that 1,209 days had elapsed
-- excluding the time during which each of Williams's five post-

In his thorough Report, Judge Dolinger carefully considers each of Williams's arguments and concludes that tolling of the one-year limitations period under AEDPA is not merited in light of the ample evidence of Williams's guilt under NYPL § 265.02(4) of the 1987 predicate felony offense.  As a result, the Report recommends that the petition be denied.  No objections to the Report were filed by any party.

<u>DISCUSSION</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If no timely objection has been made to the Magistrate Judge's Report and Recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record."  <u>Wilds v. United Parcel Serv.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Under AEDPA, once a state court judgment of conviction has become final, a person in custody pursuant to that judgment may only file a federal habeas petition within one year after "the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), excluding any period of time while "a properly filed application for State

conviction collateral challenges were pending -- since Williams's conviction had become final for the purposes of 28 U.S.C. § 2244(d)(1).

post-conviction or other collateral review . . . is pending."
Id. § 2244(d)(2).  Under the law of this Circuit, however, courts
possess the inherent power to equitably toll AEDPA's one-year
limitation period where certain conditions exist.  See, e.g.,
Belt v. Burge, 490 F.3d 201, 205 (2d Cir. 2007) ("[I]n rare and
exceptional circumstances a petitioner may invoke the courts'
power to equitably toll the limitations period." (citation
omitted)).  Williams's petition became final for AEDPA purposes
no later than February 2005, and Williams does not contest that
his § 2254 petition is untimely.  Williams instead relies upon
the proposition that there is an equitable or constitutional
exception to AEDPA's statute of limitations where a petitioner is
actually innocent of conduct giving rise to a sentencing
enhancement.  Williams relies upon Spence v. Superintendent,
Great Meadow Correctional Facility, 219 F.3d 162 (2d Cir. 2000),
a case in which the Court of Appeals held that a procedural
default may be excused when a defendant contesting a sentence
enhancement can show "by clear and convincing evidence . . . that
he is actually innocent of the act on which his harsher sentence
was based."  Id. at 172.

　　　The holding in Spence did not expressly contemplate statutes
of limitations, and the Second Circuit has "specifically reserved
the question of whether a claim of actual innocence based on
newly discovered evidence constitutes an extraordinary

circumstance that merits equitable tolling . . . as well as the question of whether the Constitution would require equitable tolling for actual innocence." Doe v. Menefee, 391 F.3d 147, 160 (2d Cir. 2004).  The Second Circuit stated that it will consider this question "in a proper case," id. at 174, but suggests that in order to take advantage of the actual innocence exception, "[t]he petitioner must support his claim 'with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" Id. at 161 (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).

Whatever the exact contours of the "actual innocence" exception may be -- and the Report analyzes this unsettled question of law in admirable detail -- it is clear that Williams has not succeeded in demonstrating that tolling of the one-year limitations period is merited.  Williams's claim that he was "actually innocent" of being a persistent violent felony offender has already been adjudicated through state post-conviction collateral proceedings, and the court found as a matter of historical fact that Williams was convicted under NYPL § 265.02(4) rather than under NYPL § 265.02(1).  AEDPA instructs that state court factual findings "shall be presumed to be correct" on federal habeas review and provides that the petitioner "shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence."  28 U.S.C.

§ 2254(e)(1); see also Richard S. v. Carpinello, 589 F.3d 75, 80-

81 (2d Cir. 2009) (discussing the standard of review under AEDPA

where a state court has already adjudicated the merits of a

petitioner's claim).

     Williams has not met this burden.  The evidence adduced by

Williams in his petition solely concerns certain alleged

procedural irregularities during his 1987 sentencing and

inconsistencies within post-conviction recordkeeping, none of

which casts any doubt on Williams's underlying guilt.  In

particular, Williams's contention that "had [the 2006

Certificate] been presented at the original sentencing hearing

[in 1998], petitioner would not have been sentenced as a career

offender" is unpersuasive given that the sentencing judge did not

base the sentence enhancement upon secondary records alone, but

rather, upon her independent review of the minutes of the 1987

plea and sentencing proceedings.[6]  Indeed, the evidence before the

1998 sentencing court -- evidence that Williams does not

challenge -- demonstrated that Williams had possessed an

unlicensed, loaded weapon in a place other than his home or

business in violation of NYPL § 265.02(4), and moreover, that the

indictment related to the 1987 conviction had specifically

_____

[6] After Williams raised questions about his 1987 conviction during
the first sentencing hearing, the sentencing was adjourned so
that the court could obtain the minutes of the 1987 plea.

charged him under that subsection.  Thus, Williams has failed to meet his burden of demonstrating by clear and convincing evidence that he is actually innocent of the 1987 predicate violent felony offense.  Moreover, he has also failed to show that his claim of actual innocence is based on newly discovered evidence.

## CONCLUSION

Finding no clear error in Judge Dolinger's Report, the Report is adopted.  The petition is denied, and the respondent's April 21, 2009 motion to dismiss the petition is denied as moot. The parties' failure to file written objections precludes appellate review of this decision.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).  The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          March 11, 2010

                              DENISE COTE
                         United States District Judge

10

COPIES SENT TO:

Derrick Williams
98-A-6185
Eastern New York Correctional
Facility
P.O. Box 338
Napanoch, NY 12458

Nancy Killian, Esq.
Assistant District Attorney
Bronx County
198 East 161st Street, #9
Bronx, NY 10451

Derrick Williams
98-A-6185
Wyoming Correctional Facility
P.O. Box 501
Dunbar Road
Attica, NY 14011

Magistrate Judge Dolinger